By the Chancellor.

As to the first question, it is a well settled principle, that simple contract creditors shall receive out of the real assets, as much as has been paid to bond creditors out of the personal assets ; and, as the plaintiff is asking equity, he must do it; and upon this maxim, he shall not be relieved as the administrator of the intestate, until, as heir, he shall also do what is right, without turning the defendants round to either a cross-bill or another suit. Upon payment, therefore, of so much to the defend-ants, (as simple contract creditors,) as was paid to the bond creditors out of the personal assets, the injunction, as to the balance of the defendant Burtis’s judgment, may be continued until assets shall come to the hands of the plaintiff, sufficient to pay the same, or any part thereof, which the said Burtis may be at liberty to shew, at any time hereafter, by a scire facias at law for that purpose. ( Vide Netherland et al. against Ronald’s Administrator. The Court of Appeals in that case said, that there was error in *461 die decree of this Court, as pronounced by the former C-hancellor, in awarding a perpetual injunction to the judgment which was enjoined, instead of permitting the appellant to proceed thereon, upon future assets, if any accrued beyond the balance tbcn in hand. MS. Co. Ap.) And as to the second question, it is clear, that for Clerk’s fees and laxes, the heir is not bound: and therefore, such claims should not have been placed with bond creditors. N. B. There were hut two simple contract creditors, one of whom had a judgment against the plaintiff for a devastavit, and he waf* allowed to be first paid oh that account.